IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TROY DAVIS, | : | HABEAS CORPUS |
| TYRONE HULT, | : | 28 U.S.C. § 2254 |
|     Petitioners, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:10-CV-1793-TWT-CCH |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Petitioners, Troy Davis and Tyrone Hult, without prepayment of the filing fee, have submitted a "motion to vacate" (Doc. No. 1), which the Clerk of Court has docketed as a 28 U.S.C. § 2254 petition. For the purpose of preliminary review, it is **ORDERED** that Petitioners are **GRANTED** in forma pauperis status, and the matter is now before this Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"). Under Rule 4, federal district courts have authority to examine habeas petitions prior to any pleading by the respondent and "to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856, (1994).

AO 72A
(Rev.8/82)

I.      **Discussion**

Petitioners state that (1) the criminal case numbers are unknown and (2) they and all inmates of the Georgia Department of Corrections "respectfully move[]" the Court to (a) vacate their sentences and grant them immediate release and (b) "grant a motion to suppress [a] handgun," which was never introduced in Mr. Davis's first trial. (Doc. No. 1.)  Otherwise the petition is virtually indecipherable.

The federal rules governing habeas corpus proceedings require that a habeas corpus petitioner specify each ground for relief and state the facts supporting each ground.  Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c); Mayle v. Felix, 545 U.S. 644, 655-56 (2005) (stating that in ordinary civil proceedings the complaint should "provide fair notice of what the plaintiff's claim is and the grounds upon which it rests," and that the more demanding Habeas Rule 2(c) requires that the petition "specify all the grounds for relief available to the petitioner and state the facts supporting each ground") (internal quotations omitted).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.' "  Mayle, 545 U.S. at 656.  Additionally,

2

the habeas rules requires that separate petitions be filed to contest separate judgments. Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(e).

Because the rules do not allow for multiple petitioners to bring one petition attacking different judgments, this action should be dismissed without prejudice to Petitioners filing separate § 2254 petitions should they so choose. Additionally, dismissal is appropriate because the petition fails to provide fair notice of the claims Petitioners' wish to raise or the grounds on which those claims rest.

## II.   Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v . McDaniel, 529 U.S.

473, 483-84 (2000) (internal quotations omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, _ U.S. _, _, 129 S. Ct. 681, 684 n.3 (2009) (quotations omitted, citing Slack, 529 U.S. at 484).

The undersigned recommends that a COA should be denied because petitioners have presented nothing that deserves encouragement to proceed further.

### III.   Conclusion

**IT IS RECOMMENDED** that his action be **DISMISSED** and that a COA be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be **DIRECTED** to send, to each Petitioner who has provided his individual address to the Court, a form habeas corpus petition, for that Petitioner's use if he decides to file a habeas corpus petition identifying and contesting his own individual conviction.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 12th day of   July  , 2010.


_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE